■ CADWALADER, WICKERSHAM & TAFT, Appellant, v IDO KLEAR et al., Respondents, et al., Defendant. [755 NYS2d 598] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about August 2, 2002, which, to the extent appealed from, denied plaintiff's motion for summary judgment on its account stated cause of action, unanimously affirmed, without costs.

The court properly denied plaintiff's motion for summary judgment on its cause of action for an account stated. Plaintiff has not established that there was an agreement that the individual defendants would be personally liable for the services provided to the corporate defendant (*see LeBoeuf, Lamb, Greene & MacRae, L.L.P. v Worsham*, 185 F3d 61 [1999]), and there are triable issues with respect to whether a considerable portion of the legal fees incurred was authorized. Concur—Saxe, J.P., Sullivan, Ellerin, Lerner and Gonzalez, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELLIOT LEBRON, Appellant. [755 NYS2d 598] —Judgment, Supreme Court, Bronx County (Peter Benitez, J.), rendered April 20, 1998, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the first and second degrees and petit larceny, and sentencing him to concurrent terms of 8⅓ to 25 years and 5 to 15 years, consecutive to concurrent terms of 1 to 3 and 1 year, unanimously affirmed.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]; *People v Pavao*, 59 NY2d 282, 292 [1983]). The court permitted elicitation of matters that were highly probative of defendant's credibility and were not unduly prejudicial.

We perceive no basis for reducing the sentence. Concur— Saxe, J.P., Sullivan, Ellerin, Lerner and Gonzalez, JJ.